IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDMUND AWAH :

    v. : Civil Action No. DKC 13-0707

COMMONWEALTH FINANCIAL SYSTEMS :

**MEMORANDUM OPINION AND ORDER**

Plaintiff Edmund Awah, proceeding *pro se*, commenced this action on March 7, 2013, by filing a complaint against Defendant Commonwealth Financial Systems alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), related to "Defendant fil[ing] a derogatory report of Plaintiff's credit file[.]" (ECF No. 1). Along with his complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis*. On April 2, the court granted Plaintiff's motion and advised that "additional information must be provided before this matter may proceed," directing Plaintiff to supplement the complaint. (ECF No. 3). On April 23, Plaintiff filed a supplement, providing additional detail as to the substance of his claims. Thereafter, a summons was issued, service was effected, Defendant answered, and discovery commenced.

On November 19, Plaintiff filed the pending motion to compel discovery, seeking more complete responses to one interrogatory and one request for production of documents. (ECF No. 17). Defendant has opposed the motion, arguing that it is procedurally improper and untimely.[1]

Pursuant to Fed.R.Civ.P. 37(a)(1), "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery," which "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See also* Local Rule 104.7 ("The Court will not consider any discovery motion unless the moving party has filed a certificate reciting (a) the date, time and place of the discovery conference, and the names of all persons participating therein, or (b) counsel's attempts to hold such a conference without success; and (c) an itemization of the issues requiring resolution by the Court."). Local Rule 104.8 sets forth a specific procedure regarding the filing of a motion to compel. Subsection (a) provides, in relevant part, "[i]f a party who has

---

[1] Along with its opposition papers, Defendant filed a motion to seal an attached exhibit containing private information about Plaintiff. (ECF No. 19). Plaintiff has not opposed this motion and the documents Defendant seeks to seal contain confidential personal information. Such documents are properly subject to sealing in accordance with the court's policy and practice, and Defendant has properly attached a redacted version.

2

propounded interrogatories or requests for production [of documents] is dissatisfied with the response to them and has been unable to resolve informally (by oral or written communications) any disputes with the responding party, that party shall serve a motion to compel within thirty (30) days of the party's receipt of the response."  Local Rule 104.8.a. Under subsection (b), "[c]ounsel are encouraged to confer with one another before or immediately after a motion to compel is served," and "[i]f they are unable to resolve their disputes, counsel must hold the conference required by [Local Rule 104.7] after serving upon one another all of the documents relating to the motion to compel."  Local Rule 104.8.b.

Plaintiff's motion is not in compliance with this procedure.  Specifically, there is no indication that a motion to compel was ever served upon Defendant prior to its filing with the court, much less that a conference was held after service was effected.  Indeed, Plaintiff has not filed the certificate required by Local Rule 104.7, nor, apparently, could he do so in good faith.  Moreover, the record reflects that Defendant served its discovery responses on October 3; thus, Plaintiff's motion, filed November 19, was untimely pursuant to Local Rule 104.8.a.

Accordingly, it is this 9th day of December, 2013, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's motion to compel (ECF No. 17) BE, and the same hereby IS, DENIED;

2. Defendant's motion to seal (ECF No. 19) BE, and the same hereby IS, GRANTED;

3. Exhibit 1, attached to Defendant's response to Plaintiff's motion to compel (ECF No. 18-1) BE, and the same hereby IS, SEALED; and

4. The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for Defendant and directly to Plaintiff.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge